UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.B., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-04382-DMR<br><br>**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Re: Dkt. No. 37 |

Plaintiffs L.B. and M.B., the parents of Plaintiff S.B., a former student, move pursuant to Federal Rule of Civil Procedure 15(a) to file an amended complaint. [Docket No. 37.] The court held a hearing on July 20, 2017. For the following reasons, the motion is granted.

**I.　BACKGROUND**

　**A. Allegations in Original Complaint[1]**

In this action, Plaintiffs appeal the May 15, 2016 administrative decision of the California Office of Administrative Hearings pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Plaintiffs make the following allegations in their complaint. S.B., who was born in 1994, has multiple learning disabilities. She became eligible for special education and related services starting in eighth grade, and graduated from high school in June 2015. At all relevant times, S.B.'s school district of residence was West Contra Costa Unified School District (the "District"). [Docket No. 1 (Compl.) ¶¶ 12, 13.]

On July 25, 2013, S.B. filed a due process complaint with the Office of Administrative

---

[1] For purposes of this motion, the court considers only Plaintiffs' allegations, which must be taken as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

Hearings ("OAH") alleging that the District had failed to provide her with a free and appropriate public education ("FAPE") for the 2011-2012 and 2012-2013 school years. Compl. ¶ 25. In August 2013, while the due process proceeding was pending, S.B. began attending Bayhill High School in Oakland, California. *Id*. at ¶¶ 27, 29. S.B. and her parents settled their due process complaint with the District on November 17, 2013. As part of the settlement, the District finalized S.B.'s placement at Bayhill High School with specialized services. The parties also agreed that the District would provide S.B. with "transportation to/from Bayhill in the form of reimbursement for one round-trip per day of attendance at the current IRS rate." *Id*. at ¶ 31. Plaintiffs allege that the agreement provided that "[m]ileage reimbursement shall be provided within 30 days of the District's receipt of properly completed mileage reimbursement form(s)," and that "[m]ileage reimbursement must be submitted by [S.B.] on a monthly basis." *Id*.

Plaintiffs allege that after the settlement agreement was finalized, the District never provided S.B. or M.B. with mileage reimbursement forms to complete. *Id*. at ¶ 32. In April 2014, M.B. submitted mileage reimbursement to the District on forms created by her attorney for several months, but never received reimbursement for the mileage claimed on these forms. *Id*. at ¶¶ 38, 39. In June 2015, M.B. submitted mileage reimbursement forms for August 27, 2013 through June 5, 2015. Plaintiffs allege the District never processed the forms. *Id*. at ¶ 42. S.B. graduated from Bayhill High School on June 7, 2015. *Id*. at ¶ 12.

According to Plaintiffs, at S.B.'s March 5, 2014 individualized education program ("IEP") meeting, her attorney requested that the District provide independent educational evaluations ("IEEs") in the areas of psychoeducation, speech and language, and occupational therapy. *Id*. at ¶ 36. Plaintiffs allege that although the District advised that it would respond to the request "at a later time," they never received a letter from the District regarding their request for the IEEs. *Id*. at ¶¶ 36, 40. Additionally, Plaintiffs allege that at the March 5, 2014 IEP meeting, S.B.'s attorney requested District-provided transportation for S.B. because it was burdensome for M.B. to make two round trips per day to transport S.B. to and from school. According to Plaintiffs, the District responded that "it would only provide reimbursement pursuant to the settlement agreement." *Id*. at ¶ 37.

S.B. filed a due process complaint against the District on August 26, 2015, alleging that the District had failed to provide her with a FAPE for the 2013-2014 and 2014-2015 school years by failing to reimburse S.B. and/or her parents for round trip mileage to and from Bayhill High School. *Id*. at ¶ 43. At a September 8, 2015 resolution session, the District informed S.B.'s attorney that it could not accept the mileage reimbursement request previously submitted by M.B. because the request was not submitted on District forms. S.B.'s attorney and her sister then completed the District's mileage reimbursement forms for the period August 27, 2013 to June 5, 2015. *Id*. at ¶ 44. M.B. signed the forms on October 9, 2015 and was told she would receive the check within 30 days. *Id*. at ¶ 45.

S.B. amended her due process complaint in October 2015, challenging the District's failure to 1) reimburse S.B. and/or her parents for round trip mileage to and from Bayhill High School through May 5, 2014; 2) provide transportation to and from school for S.B. after Plaintiffs' May 5, 2014 request[2]; and 3) provide the three IEEs following Plaintiffs' counsel's March 5, 2014 request. *Id*. at ¶ 47. The matter was scheduled for trial on March 22-24, 2016. *Id*. at ¶ 55. At a March 11, 2016 prehearing conference, counsel for the District informed Plaintiffs' counsel for the first time that the District had notified M.B. that it had granted the request for the IEEs in a letter dated March 27, 2014. Counsel further stated that the District had already mailed M.B. and L.B. a check for the mileage reimbursement. *Id*. at ¶ 52. Plaintiffs never received a check in the mail. *Id*. at ¶ 53. On March 23, 2016, the second day of trial, the District provided M.B. with a check for mileage reimbursement from August 27, 2013 to June 5, 2016. *Id*. at ¶ 60.

The Administrative Law Judge ("ALJ") issued a decision on May 5, 2016. Compl. Ex. 1 (OAH Decision). In relevant part, the ALJ found that 1) OAH lacked jurisdiction over the issue of whether the District denied S.B. a FAPE by failing to reimburse Plaintiffs for mileage for one round trip per day from August 28, 2013 through March 5, 2014, since the reimbursement was

---

[2] It appears that Plaintiffs' references to "May 5, 2014" in paragraph 47 of the complaint are typos, and that the correct date is March 5, 2014, the date of the IEP meeting. Plaintiffs are directed to address this error in their amended complaint. Additionally, Plaintiffs attached the ALJ's decision to their original complaint, but not to their proposed amended complaint. At the hearing, Plaintiffs' counsel stated that this was an oversight. Since the decision forms the basis for their claims, Plaintiffs shall attach the ALJ's decision to their amended complaint.

3

required by a settlement agreement and OAH lacks jurisdiction to enforce settlement agreements; 2) even if OAH had jurisdiction over the August 2013-March 2014 mileage reimbursement dispute, the issue was moot because S.B. received full reimbursement on March 23, 2016; and 3) S.B. did not establish that she was denied a FAPE based on the District's failure to provide IEEs, since S.B. had failed to pursue the IEEs after the District granted her request. *Id*.

Plaintiffs filed this action on August 3, 2016, alleging three claims challenging the ALJ's decision with respect to the three findings set forth above. Defendants moved to dismiss the complaint, and on April 3, 2017, the court dismissed as moot Plaintiffs' first and second claims, which challenged the ALJ's determinations regarding S.B.'s request for mileage reimbursement for the period August 28, 2013 through March 5, 2014. [Docket No. 32.] In relevant part, the court concluded that the claims were moot because the District had paid the mileage reimbursement in full, and that none of the mootness exceptions applied. *Id*. at 6-8. The court also held that the availability of attorneys' fees under the IDEA did not "revive Plaintiffs' otherwise moot appeal of the ALJ's determination of the mileage reimbursement issue," and that the court was not obligated to decide the merits of Plaintiffs' moot claims solely for the purpose of determining whether Plaintiffs should be the prevailing party on the claims for purposes of attorneys' fees. *Id*. at 8-10. The court denied the motion to dismiss as to the third claim regarding whether S.B. was denied a FAPE based on the District's failure to provide IEEs. *Id*. at 10-11.

In their opposition to the motion to dismiss, Plaintiffs requested leave to amend the complaint to add a claim but did not comply with Civil Local Rule 10-1, which requires any party moving to file an amended pleading to "reproduce the entire proposed pleading." The court denied Plaintiffs' request without prejudice to filing a regularly-noticed motion for leave to file an amended complaint. *Id*. at 12. The present motion followed.

**B. Proposed Amended Complaint**

Plaintiffs' proposed amended complaint adds three new claims for relief. [Docket No. 37-4 (Proposed Am. Compl.).] Plaintiffs' first new claim for relief asserts that the District violated the IDEA, 20 U.S.C. § 1415(c)(2)(B)(i)(I), by failing to respond to L.B. and M.B.'s due process complaint within 10 days. *Id*. at ¶¶ 80, 81.

4

Plaintiffs' second new claim for relief challenges the ALJ's finding that Plaintiffs were entitled to reimbursement for two round-trips per day instead of the actual costs of transportation for transporting S.B. to and from Bayhill High School. *Id*. at ¶ 83.

Finally, the third new claim for relief asserts an evidentiary error:

> The ALJ erred in refusing to allow Plaintiffs to present evidence establishing that Plaintiffs did not speak English and presenting evidence by way of an investigation conducted by the [California Department of Education, "CDE"] which demonstrated that [the] District lied to the CDE, which is the only reason the CDE found the District in compliance. This goes to District credibility.

*Id*. at p. 28. Plaintiffs allege that on several occasions during the trial, their attorney "attempted to question the District regarding the CDE complaint or make a showing that Plaintiffs had requested translated copies of the IEPs at every meeting and the District had failed to provide them until Plaintiff[s'] attorney filed a complaint with the CDE." *Id*. at ¶ 99.[3]

At the hearing, the parties agreed that this proposed third new claim is not appropriately stated as a standalone claim, but that Plaintiffs should be allowed to add these allegations to their claim regarding the District's failure to provide IEEs. Accordingly, Plaintiffs are granted leave to amend the complaint to add this evidentiary issue to the IEEs claim.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent reason," such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district

---

[3] Plaintiffs attached the ALJ's decision to their original complaint, but not to their proposed amended complaint. At the hearing, Plaintiffs' counsel stated that this was an oversight. Since the decision forms the basis for their claims, Plaintiffs shall attach the ALJ's decision to their amended complaint.

5

court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir.1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "Granting leave to amend does not necessarily mean that the underlying allegations ultimately have merit." *FlatWorld Interactives LLC v. Apple Inc.*, 12-CV-01956-WHO, 2013 WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013). "Rather, '[a]bsent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.'" *Id*. (quoting *Eminence Capital*, 316 F.3d at 1052).

## III. DISCUSSION

The District opposes Plaintiffs' motion on the ground that the proposed new claims are futile and/or sought in bad faith. It does not argue that the proposed claims would result in undue delay or prejudice. The court will address each claim in turn.

### A. Proposed First Claim for Relief

Plaintiffs' proposed first claim for relief asserts that the District violated the IDEA, 20 U.S.C. § 1415(c)(2)(B)(i)(I), by failing to respond to L.B. and M.B.'s due process complaint within 10 days. Prop. Am. Compl. ¶ 81. According to Plaintiffs, the District never responded to their due process complaint, resulting in Plaintiffs being forced to unnecessarily litigate the mileage reimbursement issue. Further, Plaintiffs assert that if the District had "admitted that they granted the IEE[s] on or around October 23, 2015, when Plaintiff[s'] attorney filed the amended complaint, then at least Plaintiff[s] would have had notice of this defense." *Id*. at ¶ 81. According to Plaintiffs, the District's failure to file an answer thus "denied S.B. and her parent[s] a right to a FAPE as well as denied them the right to participate fully and fairly in the due process proceeding." *Id*. Plaintiffs cite a recent Ninth Circuit decision in support of this claim. *See M.C. v. Antelope Valley Union High School District*, 858 F.3d 1189 (9th Cir. 2017).

"The IDEA contains numerous procedural safeguards that are designed to protect the rights of disabled children and their parents." *M.C.*, 858 F.3d at 1195. The statute "requires a school district to respond to a parent's due process complaint within 10 days." *Id*. at 1199 (citing 20

U.S.C. §§ 1415(c)(2)(B)(i)(I) & 1415(c)(2)(B)(ii)). 20 U.S.C. § 1415(c)(2)(B) sets forth the requirements for a "local educational agency['s] response" to a parent's due process complaint. It provides in relevant part:

> If the local educational agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, such local educational agency shall, within 10 days of receiving the complaint, send to the parent a response that shall include—
>
> **(aa)** an explanation of why the agency proposed or refused to take the action raised in the complaint;
>
> **(bb)** a description of other options that the IEP Team considered and the reasons why those options were rejected;
>
> **(cc)** a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and
>
> **(dd)** a description of the factors that are relevant to the agency's proposal or refusal.

20 U.S.C.A. § 1415(c)(2)(B)(i)(I).

In *M.C.*, the parent of a disabled student filed a due process complaint against a school district alleging substantive and procedural violations of the IDEA. 858 F.3d at 1194. Following a hearing, an ALJ denied all of the plaintiff's claims. *Id*. The plaintiff appealed the ALJ's decision, challenging in relevant part the school district's failure to respond to the plaintiff's due process complaint as a violation of the IDEA. *Id*. at 1199. The district court concluded that the school district's "failure to respond didn't infringe [the parent's] opportunity to participate in the IEP formulation process and, therefore, wasn't a denial of a FAPE." *Id*. The Ninth Circuit found that the district court's conclusion "misse[d] the mark" and reversed. Observing that the school district "didn't just miss a deadline" but instead "failed to *ever* respond to the [due process] complaint," the court held that while "[t]he District's failure to respond may not have denied plaintiffs a FAPE . . . it still violated the IDEA and due process." *Id*. (emphasis in original).

The Ninth Circuit explained that "[l]ike an answer to a complaint, a response [to a due process complaint] serves an important dual purpose: [i]t gives notice of the issues in dispute and binds the answering party to a position." *Id*. The court continued:

7

> Failure to file a response puts the opposing party at a serious disadvantage in preparing for the hearing, as it must guess what defenses the opposing party will raise. The problem is particularly severe in IDEA cases because there is no discovery.

*Id*. The court further held that when a school district fails to file a timely response, an ALJ must not go forward with a hearing but must instead order the school district to respond, sua sponte if necessary, "and shift the cost of the delay to the school district, regardless of who is ultimately the prevailing party." *Id*. at 1199-1200, 1200 n.6. It remanded the case for the district court to determine the prejudice the plaintiff suffered as a result of the district's failure to respond "and the award of appropriate compensation therefor." *Id*. at 1200.

Plaintiffs state that *M.C.* "specifically hold[s] that Districts are required to file an answer [to a due process complaint]," and thus provides support for Plaintiffs' proposed first new claim. [Docket No. 37-1 (Porter Decl., June 8, 2017) ¶ 6.] The District argues that the court should deny leave to amend to assert this new claim because it is futile.

A proposed amendment may be denied as futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton,* 845 F.2d 209, 214 (9th Cir. 1988). "[The] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)6)." *Id*. (citation omitted). To survive a motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "Denial of leave to amend on [the ground of futility] is rare," *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 538-39 (N.D. Cal. 2003), and if it is "not clear beyond doubt that amendment of [a] complaint would be futile," a court should permit a party to amend its complaint rather than deny leave to amend on the basis of futility. *See Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2005). Ordinarily, "courts will defer consideration of

challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC*, 212 F.R.D. at 539 (citation omitted).

The District makes three arguments in support of its assertion that the proposed claim is futile. First, it asserts that Plaintiffs waived this issue by failing to raise it before the OAH in their pleadings or at the hearing. However, the District does not address the applicable legal standard for waiver of the IDEA's procedural safeguards, does not apply the standard to the allegations in the proposed first amended complaint, and does not otherwise explain how "no set of facts" could be proved under Plaintiffs' allegations "that would constitute a valid and sufficient claim" for violation of 20 U.S.C. § 1415(c)(2)(B). *See Miller*, 845 F.2d at 214.

Moreover, the District does not address the propriety of ruling on the issue of waiver in a pleadings motion. Plaintiffs dispute that they waived the claim. They cite specific allegations in the proposed amended complaint that support this position. Reply 3 (citing Prop. Am. Compl. ¶¶ 52, 56, 72-73). In evaluating the sufficiency of the proposed claim for relief, the court must apply the standard applicable to a Rule 12(b)(6) motion to dismiss and therefore must accept all of the factual allegations as true. *See Miller*, 845 F.2d at 214. Given the existence of factual disputes regarding waiver, the waiver issue cannot be decided on a Rule 15 motion and is more appropriately addressed at a later stage. *See, e.g.*, *Field v. Haddonfield Bd. of Educ.*, 769 F. Supp. 1313, 1325 (D.N.J. 1991) (addressing issue of waiver of procedural challenge to decision by board of education on cross-motions for summary judgment); *Hinson ex rel. N.H. v. Merritt Educational Ctr.*, 579 F. Supp. 2d 89, 101-02 (D.D.C. 2008) (addressing issue of whether plaintiff waived allegation of delay in performing evaluations on cross motions for summary judgment).

Second, the District contends that it had no legal obligation to respond to the claims raised in Plaintiffs' due process complaint. In so arguing, the District asserts that the IDEA does not require a response to *all* due process complaints; instead, the IDEA provides that a school district must only respond when it "has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint." Opp'n 7 (citing 20 U.S.C. § 1415(c)(2)(B)(i)(I)). The District argues that it did not have to respond to Plaintiffs' due process complaint because it had already provided prior written notice regarding the subject matter of the

complaint. Plaintiffs respond that the District did not provide anything that qualifies as prior written notice pursuant to the IDEA. Again, given the factual disputes, this issue should be decided on the merits rather than at the pleading stage.

Finally, citing 20 U.S.C. § 1415(c)(2)(B)(i)(I)(aa)-(dd), the District argues that the IDEA should be read to require a response "only when a due process complaint complains about an agencies' [sic] proposal to or refusal to take an action." Opp'n 8. Based on this proposed statutory interpretation, the District argues that it was not legally required to respond to the three issues Plaintiffs raised in their original and amended OAH complaints because the due process complaint did not complain about a District "proposal" or "refusal to take action." The District offers no case law or other support for its proffered interpretation, which may well rest on an impermissibly narrow reading of the statute. *See M.C.*, 858 F.3d at 1195 (noting that the statute's procedural safeguards "are a central feature of the IDEA process, not a mere afterthought"). Accordingly, Plaintiffs are granted leave to add the proposed claim for relief based on the allegation that the District violated the IDEA, 20 U.S.C. § 1415(c)(2)(B)(i)(I), by failing to respond to the due process complaint within 10 days.

### B. Second Claim for Relief

Plaintiffs' proposed second new claim for relief challenges the remedy awarded by the ALJ for the District's denial of a FAPE based on failure to provide transportation to S.B. Specifically, the ALJ found that the District's failure to offer and provide transportation for S.B. from March 5, 2014 through the end of the 2014-2015 school years denied S.B. a FAPE. OAH Decision 2-3, 15, 16. The ALJ concluded that "[a]s a result of this failure, [S.B.'s] family incurred the cost of making two round trips per day in order to transport [S.B.] to and from Bayhill." *Id.* at 19. Since Plaintiffs had already been awarded reimbursement for one round trip per day for this time period, the ALJ awarded Plaintiffs reimbursement for one additional round trip per day at the I.R.S. mileage rate for the applicable time period. *Id.*

Plaintiffs' proposed second new claim challenges the ALJ's finding that Plaintiffs were entitled to reimbursement for two round-trips per day instead of the actual cost the District would have had to pay for transporting S.B. to and from Bayhill High School. Prop. Am. Compl. ¶ 83.

According to Plaintiffs, S.B.'s mother and sister "credibly testified to the difficulties that they encountered transporting S.B. to and from school each day . . . creat[ing] a substantial hardship to the family that cannot be corrected by reimbursement for two round-trips per day." *Id*. at ¶ 84. Plaintiffs assert that they seek "to recover an amount equal to what the District would have otherwise paid a professional transportation company" for the cost of transporting S.B, arguing that "[t]he actual transportation rate is more appropriate" because "there were several factors that made [driving S.B.] more burdensome." Reply 3-4, 7.

The District argues that this claim is both futile and brought in bad faith, arguing that Plaintiffs seek to "resurrect a claim for which they have already prevailed and do so by misrepresenting the nature of their claims before OAH." Opp'n 9. As to futility, the District argues that Plaintiffs asked the ALJ to award an amount equal to what the District would have otherwise paid a professional transportation company, and that the ALJ denied the request, stating "[S.B.] provided no authority to support such a remedy." *See* OAH Decision at 19. According to the District, Plaintiffs' request amounts to a claim for damages, which are unrecoverable under the IDEA. *See Blanchard v. Morton Sch. Dist.*, 420 F.3d 918, 922 (9th Cir. 2005) ("Money damages for retrospective and non-educational injuries are not available under the IDEA."), *overruled on other grounds by Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 871 (9th Cir. 2011). The District further asserts that the IRS mileage reimbursement "takes into account the 'actual costs' of gas and wear on a vehicle," Opp'n 10, suggesting that the mileage reimbursement sufficiently compensated Plaintiffs for their transportation costs. As to bad faith, the District asserts that Plaintiffs requested in the alternative and were awarded mileage reimbursement for two round-trips per day, instead of the one round-trip per day that the District had already agreed to pay. Therefore, according to the District, this claim is brought in bad faith because Plaintiffs have already prevailed on their actual request for two round-trips per day.

In response, Plaintiffs dispute that this claim seeks impermissible damages. Reply 7. As with Plaintiffs' proposed first claim, discussed above, the court concludes that the futility of this claim cannot be resolved at this stage. Neither party did much to flesh out their arguments on this issue. The IDEA allows courts to grant "such relief as the court determines is appropriate," 20

11

U.S.C. § 1415(i)(2)(C)(iii), and the Ninth Circuit has held that "injunctive or other prospective relief is ordinarily the remedy under the IDEA. *Taylor v. Honig*, 910 F.2d 627, 628 (9th Cir. 1990). It is not currently clear that the remedy Plaintiffs seek is foreclosed under the statute. Accordingly, the court grants Plaintiffs leave to add the proposed claim for relief based on the District's denial of a FAPE based on failure to provide S.B. transportation.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend the complaint is granted. Plaintiffs may file an amended complaint in accordance with this order within seven days of the date of this order. Plaintiffs shall also fix the typographical error described in footnote 2, above, and shall also attach a copy of the ALJ's decision to the amended complaint.

**IT IS SO ORDERED.**

Dated: July 31, 2017



Donna M. Ryu
United States Magistrate Judge